**Mayo SOMMERMEYER, Plaintiff,**

v.

**SUPREME COURT OF the STATE OF WYOMING, Richard V. Thomas, Chief, C. Stuart Brown, G. Joseph Cardine, Walter C. Urbigkit, Jr., Richard J. Macy, Justices of the Supreme Court, Defendants.**

**No. C86–0160–B.**

United States District Court,
D. Wyoming.

May 5, 1987.

William A. Swainson, Cheyenne, Wyo., for plaintiff.

Peter J. Mulvaney, Deputy Atty. Gen., Office of Atty. Gen., Cheyenne, Wyo., for defendants.

John E. Masters & Robert T. McCue, of Dray, Madison and Thomson, Cheyenne, Wyo., for Wyoming State Bar-amicus curiae.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BRIMMER, Chief Judge.

This matter came before the Court on the plaintiff's and the defendants' respective motions for summary judgment. The Court, having reviewed the pleadings and being fully advised in the premises, FINDS and ORDERS as follows:

The plaintiff, a member of the Colorado State Bar and a resident of the State of Colorado, was denied admission upon motion to the Wyoming State Bar because he failed to comply with Rule 5 of the Rules of the Supreme Court of Wyoming and WYO. STAT. § 33–5–110 (1977) in that he had not taken and passed the Wyoming Bar examination and he did not satisfy the residency requirement for admission upon motion. The plaintiff challenges this denial of admission, alleging that the residency requirement violates the privileges and immunities clause of art. IV, § 2, cl. 1 of the United States Constitution.

For admission to the Wyoming State Bar, the Supreme Court of the State of Wyoming requires, *inter alia*, that all applicants pass the Wyoming state bar examination. WYO. STAT. § 33–5–104 (1977). It is not disputed that Wyoming admits both Wyoming residents and "foreign" attorneys to its bar, and that all applicants, resident and nonresident alike, must take and pass the bar exam before they may be admitted to the bar. P. Ex. C. Wyoming, however, has provided an exception to this rule for members of other state bars who subsequently move to and establish bona fide residency in Wyoming. These new resident attorneys may be admitted to the Wyoming Bar upon motion to the Wyoming Supreme Court, without an examination. WYO. STAT. § 33–5–110 (1977).

The plaintiff would like to be admitted to the Wyoming Bar without examination and without becoming a resident of Wyoming. His sole claim is that the residency requirement for admission to the Wyoming bar upon motion violates the privileges and immunities clause. For the reasons stated below, the Court must disagree.

The privileges and immunities clause of art. IV, § 2, cl. 1 provides that "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." The Supreme Court has ruled that this clause does not protect every benefit and activity available within a state, but only those which are "fundamental". Yet even if the activity or right in question is protected by the clause, a state

may discriminate against nonresidents in regard to that right if the discrimination can be justified by a substantial, legitimate reason. *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985); *United Building and Construction Trades Council v. Camden*, 465 U.S. 208, 104 S.Ct. 1020, 79 L.Ed.2d 249 (1984); *Baldwin v. Montana Fish and Game Commission*, 436 U.S. 371, 98 S.Ct. 1852, 56 L.Ed.2d 354 (1978). These two principles comprise the two-part analysis formulated by the Court for residency discrimination claims asserted under the privileges and immunities clause. As one group of commentators has stated,

when a state law establishes a state citizenship or state residency classification, the Court uses a two-step methodology for determining the compatibility of the law with the privileges and immunities clause of Article IV. First, the Court determines whether the benefit of activity constitutes one of the "privileges and immunities" protected by the clause. Second, the Court will determine if there is a substantial state interest in the differing treatment of nonresidents.

1 R. Rotunda, J. Nowak & N. Young, *Treatise on Constitutional Law: Substance and Procedure* § 12, p. 651 (1986).

Turning to the first part of this analysis, the Court notes that as a general matter, the privileges and immunities clause only protects those interests which bear "upon the vitality of the Nation as a single entity." *Baldwin v. Montana Fish and Game Commission*, 436 U.S. at 383, 98 S.Ct. at 1860. These include the interest in "the right of a citizen of one state to pass through, or to reside in any other state, for purposes of trade, agriculture, professional pursuits, or otherwise ..." *Supreme Court of New Hampshire v. Piper*, 470 U.S. at 280, n. 10, 105 S.Ct. at 1277, n. 10 (quoting *Corfield v. Coryell*, 6 F.Cas. 546 (No. 3,230) (CC ED Pa.1825)).

Based on these principles, the Supreme Court ruled in *Piper* that the opportunity to practice law is a fundamental right protected by the privileges and immunities clause. The Court so found because, sim-ilar to occupations considered in the Court's earlier cases, the practice of law is important to the national economy, *see, Hicklin v. Orbeck*, 437 U.S. 518, 98 S.Ct. 2482, 57 L.Ed.2d 397 (1978); *Toomer v. Witsell*, 334 U.S. 385, 68 S.Ct. 1156, 92 L.Ed. 1460 (1948), and because the role of the lawyer in society is important to the "maintenance or well-being of the Union." *Supreme Court of New Hampshire v. Piper*, 470 U.S. at 281, 105 S.Ct. at 1277. It further found that the New Hampshire law which denied nonresidents admission to the New Hampshire Bar obstructed this fundamental right. In the instant case, however, it is not clear that the Wyoming statute affects a right protected by the privileges and immunities clause.

Unlike the New Hampshire statute, the Wyoming law does not deprive the plaintiff of the privilege of practicing law in Wyoming. Rather, as Judge Posner has stated in an identical case, "he has been deprived of the 'privilege' that some new residents have of being allowed to practice law [in Wyoming] without taking the bar exam." *Sestric v. Clark*, 765 F.2d 655, 658 (7th Cir.1985). Whether this case implicates a fundamental right depends on (1) whether the privilege of practicing law without examination is a fundamental right, and (2) if not, is the denial of such a privilege a prohibitive condition to the exercise of the fundamental right of practicing law.

In light of the considerations discussed above, it is highly unlikely that the privilege of avoiding the bar examination is a fundamental right. Although it is related to the professional pursuit of practicing law, it is not one itself. Moreover, the Court is hard-pressed to see how avoiding the exam, by itself, contributes to national unity, the national economy or any other values which the privileges and immunities clause seeks to protect. Since the privilege of practicing law in Wyoming without examination is decidedly different from the fundamental right to practice law established in *Piper*, and since it is not important to the values protected by the privileges and immunities clause, the Court

finds that this privilege is most probably not a fundamental right.

 The Court is equally as skeptical that the requirement in question poses such a great obstacle as to exclude effectively most nonresidents from practicing law in Wyoming. See, *Hicklin v. Orbeck,* 437 U.S. 518, 98 S.Ct. 2482, 57 L.Ed.2d 397 (1978); *Toomer v. Witsell,* 334 U.S. 385, 68 S.Ct. 1156, 92 L.Ed. 1460 (1948); *W.C.M. Window Co. v. Bernardi,* 730 F.2d 486 (7th Cir.1984). We agree with the Seventh Circuit which held, in addressing this issue, that

It is a matter of conjecture whether the requirement of taking and passing a bar exam would actually exclude many lawyers having a serious desire to conduct a substantial practice in (Wyoming); and the exclusion of those having no such desire would not do much damage to the policy of the privileges and immunities clause.

*Sestric v. Clark,* 765 F.2d at 659.

Because the Wyoming law does not bar nonresidents from practicing law in Wyoming and does not affect any other right protected by the privileges and immunities clause, the Court remains doubtful that the plaintiff has established a prima facie case for violation of the privileges and immunities clause. *See also, id.* at 658–661.

Assuming, however, that whatever right at issue is protected by the clause, the plaintiff's challenge ultimately fails at the second step of the analysis. It is well-settled that the privileges and immunities clause does not provide absolute protection for the rights within its purview. *See, Supreme Court of New Hampshire v. Piper,* 470 U.S. at 284, 105 S.Ct. at 1278. Once it has been established that the contested right is considered fundamental within the meaning of the privileges and immunities clause, the clause may not preclude discrimination against nonresidents in regard to that right where: "(i) there is a substantial reason for the difference in treatment; and (ii) the discrimination practiced against nonresidents bears a substantial relationship to the State's objective." *Id.* As explained below, the Court finds that the

Supreme Court of the State of Wyoming has satisfied this standard.

Wyoming argues that the residency requirement for those practicing attorneys who join the Wyoming Bar without examination helps to assure that the attorney knows Wyoming law well enough to represent Wyoming clients competently. Wyoming needed some measure of competency to practice Wyoming law for nonresident attorneys as well; the bar exam, which all new attorneys must take and pass as a measure of their competency to practice law in Wyoming, was its choice. To address the first prong of the *Piper* test, then, Wyoming requires attorneys who seek admission to the Wyoming Bar without examination to establish residency in Wyoming in order to assure their competency to represent clients in Wyoming. The Court finds that the state interest in assuring competent legal representation is undeniably substantial, *see, id.* at 283, n. 16, 105 S.Ct. at 1278; *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 792, 793, 95 S.Ct. 2004, 2016, 44 L.Ed.2d 572 (1974), and that the real point of controversy here is whether the discrimination bears a close or substantial relationship to this objective.

Wyoming contends that it needs some assurance that a bar applicant is sufficiently versed in the law of Wyoming to be able to practice here competently and that passing the bar exam establishes this, as does moving one's residence and presumably one's law practice, to Wyoming. It argues that the residency requirement is substantially related to its objective of assuring competent legal representation because if a lawyer moves to the state he intends to learn the laws of the state.

The plaintiff objects that residency does not indicate competency in legal representation. He essentially argues that residency is not an adequate substitute for taking and passing the bar exam and in fact fails to establish anything about the applicant's competency to practice law. Therefore, since residency is an empty requirement and yet new resident lawyers may be admitted to the bar without examination, then nonresident attorneys should be admitted

without examination as well. The plaintiff further objects that the residency requirement is not substantially related to the State's goal because it is both under-and over-inclusive and, finally, that a less restrictive means of achieving Wyoming's objective is to rely on the attorney's history of practice and his recommendations from Wyoming attorneys and a Wyoming judge.

■ The Court finds, however, that the discrimination is substantially or closely related to the State's goal of assuring competent legal representation. First, moving to Wyoming does establish a sufficient likelihood that the attorney will learn Wyoming law. We agree with Judge Posner's finding that

> Although there might seem to be no greater assurance regarding lawyers who move to [Wyoming] and are admitted without having to take a bar exam, they at least are making a greater commitment to the state. By becoming residents of [Wyoming] they place themselves in a situation where in all likelihood the bulk of their clients will be [Wyoming] clients; the bulk of the law they practice will be [Wyoming] law; and they will learn through doing.

*Sestric v. Clark*, 765 F.2d at 661.

The plaintiff's complaints in this case are identical to those asserted by Mr. Sestric before the Seventh Circuit. And here, as in *Sestric*, the plaintiff does not object to the burdens of the bar examination, but to "what he contends is the unfair advantage that new residents have over him in being excused from having to take the bar." *Id.* at 662. We find, as did Judge Posner, that new resident attorneys are properly excused from examination "only because they have borne the much greater burden of relocating their home and (in all likelihood) their practice to a new state." *Id.*[1]

Second, that the residency requirement may facilitate the admission of lawyers who may never learn Wyoming law and compel others who do know Wyoming law to take the bar exam is not fatal to the constitutionality of the rule. The instances in which these seeming injustices might occur constitute unlikely scenarios whose distance from logic is far greater than that alleged by the plaintiff to be between the residency requirement and the State's goal. For example, the plaintiff contends that a Colorado lawyer would move to Wyoming for six months solely to establish residency and thereby gain admittance to the Wyoming bar without examination. Having achieved this goal, the lawyer would then return to Colorado. The Court finds that although it is possible for an attorney to acquire admission to the Wyoming Bar in this fashion, it is probably the most inconvenient, inefficient and expensive route to bar membership; consequently, it is highly unlikely to occur and does not establish the alleged illogic of the rule. The Court is not persuaded that the rule is sufficiently over-or under-inclusive so as to damage the substantial relationship between the discrimination and Wyoming's goal.

Finally, the Court remains unpersuaded that there is a less restrictive alternative to the bar exam for assuring the competence of a nonresident attorney. The plaintiff suggests that the requirements that a new resident attorney must satisfy, including membership in another state's bar, recommendations from Wyoming attorneys and a recommendation from a Wyoming judge, are sufficient to establish the attorney's ability to competently represent Wyoming clients. The Court finds, however, that Wyoming needs some relatively objective indicator of competence which none of the supplemental requirements provide. Whereas residency and examination objectively establish strong likelihoods for competent legal representation, personal history and recommendations are much less reliable. In that the plaintiff has failed to

1. The Court notes that the plaintiff cites *Strauss v. Alabama Bar*, 520 F.Supp. 173, 178 (N.D.Ala. 1981) for the principle that a mere residency requirement is not a proxy for competent legal representation. *Strauss*, however, is not relevant to the instant case since it concerned, as did *Piper*, the complete exclusion of all non-resident attorneys from the Alabama bar. We are concerned here with residency as a substitute for, rather than as a supplement to taking and passing the bar exam.

suggest a less restrictive alternative we, along with the Seventh Circuit, "are not sure that there is a less restrictive alternative to the bar exam, or at least that the courts can determine its existence reliably." *Sestric v. Clark*, 765 F.2d at 663.

In light of the foregoing, the Court finds that the plaintiff has failed to make out a prima facie claim under the privileges and immunities clause, and that even if he had, Wyoming has successfully rebutted it by establishing that its residency requirement for admission to the Wyoming Bar without examination is substantially or closely related to its substantial reason of assuring competent legal representation for Wyoming clients. Therefore, it is

ORDERED that the plaintiff's motion for summary judgment be, and the same hereby is denied. It is further

ORDERED that the defendants' motion for summary judgment be, and the same hereby is granted, and this claim is dismissed with prejudice.