871 F.2d 111
 Mayo SOMMERMEYER, Plaintiff-Appellant,
v.
SUPREME COURT OF THE STATE OF WYOMING, Richard V. Thomas,
Chief, C. Stuart Brown, G. Joseph Cardine, Walter
C. Urbigkit, Jr., Richard J. Macy,
Justices of the Supreme Court,
Defendants-Appellees.
 No. 87-1811.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 1, 1989.
 
 Kent N. Campbell (William A. Swainson, of Cheyenne, Wyoming, with him on the briefs) of Anderson, Sommermeyer, Wick & Dow, Fort Collins, Colo., for plaintiff-appellant.
 Peter J. Mulvaney (Joseph B. Meyer, Atty. Gen., State of Wyo., with him on the brief), Deputy Atty. Gen., State of Wyo., for defendants-appellees.
 John E. Masters and Robert T. McCue of Dray, Madison & Thompson, P.C., Cheyenne, Wyo., on the brief for the Wyoming State Bar, amicus curiae.
 Before TACHA, and SETH, Circuit Judges, and SAFFELS, District Judge.*
 TACHA, Circuit Judge.
 
 
 1
 This is an appeal from an order of the district court upholding the rules of the Wyoming Supreme Court which required that an attorney be a resident of the State of Wyoming in order to be eligible for admission to the bar on motion instead of by taking a bar examination, 659 F.Supp. 207 (1987). Plaintiff Sommermeyer challenges the residency requirement on the grounds that it violates the privileges and immunities clause of article 4, section 2 of the federal constitution. In our view this case is controlled by the recent United States Supreme Court decision in Supreme Court of Virginia v. Friedman, --- U.S. ----, 108 S.Ct. 2260, 101 L.Ed.2d 56 (1988). Based upon that decision we hold that Wyoming Supreme Court Rule 5(c) is unconstitutional, and REVERSE and REMAND to the district court with instructions to enter an order directing that the appropriate official in the State of Wyoming admit plaintiff to the bar of the state.
 
 
 
 *
 Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation